FILED - GR
October 5, 2011 3:44 PM
TRACEY CORDES CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY /s/ / Scanned mg 10/7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA BOURNAY,

    Plaintiff,

v.

OMNI CREDIT SERVICES OF
FLORIDA, INC.,

    Defendant.

_____/

1:11-cv-1069
Paul L. Maloney, Chief Judge
U.S. District Judge

**Complaint**

**I.   Introduction**

1.    This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L..§ 445.251 *et seq.* and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.    Plaintiff Christina Bournay is a natural person residing in Berrien County, Michigan. Ms. Bournay is a "consumer" and "person" as the terms are defined and/or used in the

1

FDCPA. Ms. Bournay is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA and MOC.

4. Defendant Omni Credit Services of Florida, Inc. ("Omni") is a Florida corporation, with its principal place of business located at 4710 Eisenhower Boulevard, Tampa, Florida 33634. The registered agent for Omni is Pacific Registered Agents, Inc., 900 Wilshire Drive, Suite 202, Troy, Michigan 48084, with a mailing address of 42211 Garfield Road, Suite 103, Clinton Township, Michigan 48038-1648. Omni filed with the State of Michigan an Application for Certificate of Authority to Transact Business or Conduct Affairs in Michigan for the stated purpose of "Collection Agency – Collect Consumer Debt by Phone, Main and Fax." Omni uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Omni regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Omni is a "debt collector" as the term is defined and used in the FDCPA. Omni is a "regulated person" as the term is defined and used in the MCPA. Omni is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

**IV.    Facts**

5. Ms. Bournay had a credit account which she used to obtain goods and/or services from Macy's for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA, MCPA and MOC.

6. The creditor claimed that Ms. Bournay failed to pay the debt in full.

7. The creditor or a successor in interest hired Omni to collect the debt from Ms. Bournay.

2

8. Alternatively, Omni purchased the debt and related account after the account was in default.

9. In July 2011, an Omni employee telephoned Ms. Bournay's cellular telephone and left the following message on Ms. Bournay's voice mail: "Christina Bournay, this is Miss Richardson with OCS. I need you to call my office today at 1-800-670-9944, extension 305."

10. The Omni employee communicated information regarding a debt directly or indirectly to Ms. Bournay.

11. The words spoken by the Omni employee in the message left on Ms. Bournay's voice mail constituted a "communication" as the term is defined and/or used in the FDCPA and MOC.

12. The Omni employee did not disclose in the above-quoted message she left for Ms. Bournay that the call was from a debt collector.

13. By failing to disclose in the above-quoted message left by the Omni employee for Ms. Bournay that the caller was a debt collector, Omni violated the FDCPA, 15 U.S.C. § 1692e(11).

14. When the Omni employee left the above-quoted message for Ms. Bournay, Omni was aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

15. Omni is a member of ACA International ("ACA").

16. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), Omni has been a member of ACA for more than ten years.

17. ACA has sent multiple writings to its members, including Omni, discussing the various federal district court opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a message for a debtor/consumer without identifying itself as a debt collector.

18. Despite becoming aware that multiple federal district courts had issued written opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a message for a debtor/consumer without identifying itself as a debt collector, Omni, Omni officers, and Omni management, failed to require Omni and its employees when leaving a recorded message for a debtor/consumer to state that the caller is a debt collector.

19. In July 2011, it was the practice of Omni in connection with the collection of debts to leave a message for a consumer without disclosing in the message that the telephone call was from a debt collector.

20. In the one-year period immediately preceding the filing of this complaint, Omni in connection with efforts to collect a debt placed telephone calls to more than one hundred persons with Michigan area codes and left at least one message for the person without disclosing in the message that the telephone call was from a debt collector.

21. The Omni employee did not state the true or complete name of her company in the

4

above-quoted message left for Ms. Bournay.

22. The Omni employee merely identified her company as "OCS" in the above-quoted message left for Ms. Bournay.

23. The FDCPA states that it is unlawful for a debt collector to place a telephone call to a consumer without providing meaningful disclosure of the caller's identity. 15 U.S.C. § 1692d(6).

24. Omni failed provide meaningful disclosure of its identity in the above-quoted message left for Ms. Bournay and violated the FDCPA, 15 U.S.C. § 1692d(6).

25. In July 2011, it was the practice of Omni in connection with the collection of debts to leave a message for a consumer without providing meaningful disclosure of the caller's identity.

26. In the one-year period immediately preceding the filing of this complaint, Omni in connection with efforts to collect a debt placed telephone calls to more than one hundred persons with Michigan area codes and left at least one message for the person without providing meaningful disclosure of the caller's identity.

27. In the one-year period immediately preceding the filing of this complaint, Omni in connection with efforts to collect a debt placed telephone calls to more than one hundred persons with Michigan area codes and left at least one message for each person using a message in the form of the message left by Omni on Ms. Bournay' voice mail.

28. In the above-quoted message left by the Omni employee for Ms. Bournay, the Omni employee did not reveal the purpose of the telephone call.

29. In the above-quoted message left by the Omni employee for Ms. Bournay, the

5

Omni employee concealed the purpose of the telephone call.

30. The above-quoted message left by the Omni employee for Ms. Bournay failed to reveal and concealed the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

31. The Omni employee intended to speak the above-quoted words that the Omni employee spoke when the Omni employee left the above-quoted message for Ms. Bournay on Ms. Bournay' voice mail.

32. In July 2011, Omni and its employee(s) placed multiple telephone calls to Ms. Bournay in efforts to collect the debt.

34. In July 2011, Omni and its employee(s) placed one or more telephone calls to Ms. Bournay's place of employment in efforts to collect the debt.

35. In July 2011, Omni and its employee(s) placed one or more telephone calls to Ms. Bournay's cellular telephone in efforts to collect the debt. Omni and its employee(s) placed the telephone call(s) to Ms. Bournay's celluar telephone while Ms. Bournay was at her place of employment and working.

36. Ms. Bournay's employer prohibited Ms. Bournay from receiving telephone calls from debt collectors while Ms. Bournay was working.

37. The telephone calls by Omni and its employee(s) placed to Ms. Bournay's cellular telephone and to Ms. Bournay's place of employment were not convenient to Ms. Bournay.

38. In July 2011, Ms. Bournay spoke by telephone with a female Omni employee. The Omni employee stated that Omni had been hired to collect the debt. The Omni employee stated that the debt had grown to approximately $1,500.00. Ms. Bournay disputed the amount of

6

the debt. The Omni employee demanded payment of the debt. Ms. Bournay told the Omni employee to stop calling Ms. Bournay's place of employment. Ms. Bournay told the Omni employee that Ms. Bournay's employer prohibited Ms. Bournay from receiving telephone calls from debt collectors while Ms. Bournay was working. Ms. Bournay told the Omni employee to stop calling Ms. Bournay's cellular telephone during the day. Ms. Bournay told the Omni employee that it was not convenient for Ms. Bournay to receive calls on her cellular telephone from Omni during the day because Ms. Bournay was working. Ms. Bournay told the Omni employee that if the calls continued, Ms. Bournay could get fired from her job.

39. The female Omni employee stated that Omni would continue to telephone Ms. Bournay's place of employment and cellular telephone until Ms. Bournay made arrangements to pay money to Omni for the debt.

40. In July 2011, Ms. Bournay spoke by telephone with an Omni employee who identified himself as Brian. The Omni employee demanded payment of the debt. Ms. Bournay told the Omni employee to stop calling Ms. Bournay's place of employment. Ms. Bournay told the Omni employee that Ms. Bournay's employer prohibited Ms. Bournay from receiving telephone calls from debt collectors while Ms. Bournay was working. Ms. Bournay told the Omni employee to stop calling Ms. Bournay's cellular telephone during the day. Ms. Bournay told the Omni employee that it was not convenient for Ms. Bournay to receive calls on her cellular telephone from Omni during the day because Ms. Bournay was working. Ms. Bournay told the Omni employee that if the calls continued, Ms. Bournay could get fired from her job.

41. The Omni employee identified as Brian stated that Omni would continue to telephone Ms. Bournay's place of employment and cellular telephone until Ms. Bournay made

7

arrangements to pay money to Omni for the debt.

42. On or about July 25, 2011, Ms. Bournay under duress paid money to Omni so that Omni would stop calling her place of employment and cellular telephone.

43. A debt collector may not communicate with a consumer in connection with the collection of any debt at a time or place known or which should be known to the debt collector to be inconvenient to the consumer. 15 U.S.C. § 1692c(a)(1).

44. A debt collector may not communicate with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. 15 U.S.C. § 1692c(a)(3).

45. A debt collector may not threaten to take action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. § 1692e(5).

46. The threats by Omni and its employees to continue to call Ms. Bournay's place of employment and cellular telephone violated the FDCPA.

47. The acts and omissions of Omni and its employees done in connection with efforts to collect an alleged debt from Mr. Bournay were done intentionally and wilfully.

48. The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

49. Omni, to increase its business and profits, has knowingly chosen to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage

8

of those debt collectors who have chosen to abide by the law and refrain from using those unlawful debt collection practices.

50. Omni and its employees intentionally and wilfully violated the FDCPA and MOC.

51. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, financial loss, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

### Count 1 – Fair Debt Collection Practices Act

52. Plaintiff incorporates the foregoing paragraphs by reference.

53. Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)   Defendant violated 15 U.S.C. § 1692b;

b)   Defendant violated 15 U.S.C. § 1692c

c)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

d)   Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

e)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

9

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

54. Plaintiff incorporates the foregoing paragraphs by reference.

55. Defendant violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 445.252(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c) Defendant violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor;

d) Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method to collect a debt; and

e) Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 445.257(2);

b) Treble the actual damages pursuant to M.C.L. § 445.257(2);

c) Statutory damages pursuant to M.C.L. § 445.257(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

### Count 3 – Michigan Occupational Code

56. Plaintiff incorporates the foregoing paragraphs by reference.

57. Defendant violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened, and (ii) the legal rights of a creditor or debtor;

d) Defendant violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abusive method to collect a debt; and

e) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: October 5, 2011

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com